## KING *v.* HUTCHINS.

A party whose case has been tried before an auditor, may waive his right to a trial by jury, by his agreement or by acts.

The court of common pleas are not bound to decide questions of law arising upon an auditor's report, until they arise upon the jury trial, unless the parties agree that the decision shall be final.

Questions of law, affecting merely the course of the trial, should not ordinarily be transferred upon an auditor's report, unless the decision will end the case.

Where there is no dispute about facts, an auditor's report should not ordinarily be transferred, unless upon an agreement that the decision shall be final.

Where the facts are disputed and the questions of law affect the merits, it is for the judge, in his discretion, to decide whether the law or the facts shall be first determined.

It should appear by the case, whether judgment should be entered upon the decision of the superior court, or further proceedings are to be had.

THIS case was committed to an auditor, who made report, setting forth various matters of fact, subject to such effect as the law should give them. The report was submitted to the common pleas, who transferred it to the superior court for determination. The superior court returned it to the court of common pleas, with an order that judgment be entered on the report for the plaintiff.

The defendant now claims to go to the jury with the report, as a matter of right; but if the court should rule otherwise, and should regard the report as a case that had been submitted and decided upon, he moves that it be discharged, for cause to be shown, so that he may go to the jury.

*Hibbard & Bedel,* for the defendant.

*I. & S. H. Goodall,* for the plaintiff.

BELL, J. The questions of practice, raised by this case, are of interest both to the court and to the profession. The only provision of the law bearing upon them is the 5th section of chapter 189 of the Revised Statutes. "If either

King v. Hutchins.

party is dissatisfied with the report, the case may be tried by jury, and such report shall be given in evidence to the jury, subject to be impeached by evidence offered by either party." It is very clear that the right thus given to each of the parties, may be waived by either, by express agreement, or by taking other steps in the cause inconsistent with that right.

In many cases, questions of law arise before auditors, upon which the parties may wish to have the opinion of the court. And it is usual and proper for the auditor, at the request of the parties, or one of them, to state the facts necessary to raise those questions, either in the body of their report or a supplement to it; and to state their conclusions as to the facts differently, according to the view which the court may take of those questions.

The·questions thus raised may be of various degrees of importance, going either to the substantial merits of the case, upon facts not controverted, or to the merits upon facts which are themselves disputed; or they may affect the order of the trial only, as the admission of evidence or the like.

It is not unusual for one or both the parties to desire that such questions may be considered and decided by the presiding judge at *nisi prius;* while each party intends to reserve a right to ask a transfer of the case to the superior court for decision, if the opinion of the court should be unfavorable to him, or to claim the right of trial by jury. Considering the pressure of the other ordinary duties of a presiding judge at a *nisi prius* term, the want of time and means to investigate a doubtful question, and having regard to the despatch of business and the convenience of suitors generally and of the judge, we think it must be regarded as a judicious exercise of the discretion of the judge to decline to examine or to decide any questions of law, raised by the report of an auditor, unless the parties distinctly waive the right of a trial by the jury, and of a transfer to the superior

King *v.* Hutchins.

court. It is no part of the duty of a court to decide in anticipation, for the information or guidance of counsel, upon questions of law which may or may not arise upon a trial by the jury.

If the questions raised are such as relate to the competency of witnesses, or the admission of testimony, or the course of the trial, it can rarely be important to the parties, or conduce to the despatch of business, to transfer such questions before a trial, if the case is designed to be put to the jury. In most cases, it will be found that upon a trial these questions will be avoided, or will arise in a modified form. And if the party cannot avoid them, they will be ruled upon by the presiding judge as they arise, like other similar questions, and, if necessary, will be transferred, with others arising in the case, to the superior court, thus saving to the parties the necessity of a second transfer.

If the questions raised affect the titles of the parties or the merits of the case, and the facts upon which those questions arise are not controverted, it would seem to be judicious to transfer the case only upon the agreement of the parties that the decision should be final.

The report, with such an agreement, would stand in the position of any other case agreed, and, if necessary to prevent substantial injustice, might be discharged upon a proper application and cause shown, and the case sent to the jury.

Where the facts upon which the questions of law arise are the subjects of controversy, and the questions involve the merits of the case, it may depend much upon the nature of the case whether the legal questions or the matter of fact should be first considered, and the presiding judge may properly exercise his discretion in regard to the course to be pursued. It is calculated, we think, to save much trouble, both to the judges upon the circuit and to the superior court, to have it decided, before the case is transferred, what is to be the effect of a decision ; that is, whether judgment is to be rendered upon the order of the superior

court, or the case is to be sent back for a trial of the issues of fact.

It is not understood that any rules can be laid down upon this subject which will limit the discretion of the presiding judge; but if these rules are adopted, it will tend to produce a desirable uniformity in the practice of the courts of common pleas. As in the case before us, it does not appear that there has been any agreement by which the defendant has waived his legal right, we think the case must be sent to the jury.