MARSH *v.* BROWN. { August 10, 1876. }

*Practice—Jury trial waived—Reference.*

When a party agrees to a reference under the act of 1874, also agreeing to waive trial by jury, he cannot, after a hearing and report against him, claim a jury trial as matter of right.

FROM ROCKINGHAM CIRCUIT COURT.

This action was entered at the January term, 1873, and continued from term to term until the January term, 1875, when, the case being in order for trial, the defendants, not being ready for trial, nor having a sufficient cause for a continuance of the case, moved that it be referred under the judiciary act of 1874, and, as a condition of such reference and continuance, agreed to waive the right of a trial by jury ; and the entry was made upon the docket,—" *Defts. waive a jury trial.*" Thereupon the action was referred by order of court to a referee..

No hearing having taken place, the action was recommitted at the April term, 1875, and the following order was then made and entered upon the docket : " *Case to be in order for the jury at next term, unless hearing in the meantime.*"

During the subsequent vacation the referee signified his inability to sit in the cause. Thereupon the defendants made application to one of the justices of the court for the appointment of a new referee, and one was appointed, before whom, during the vacation, a hearing was had.

At the October term, 1875, he made a report, upon which the plaintiff moved for judgment. At the same term the following entry was made upon the docket : " *Defts. elect trial by jury.*"

No order was made in the cause, but the same was continued, it not having been reached in the order of disposition of causes during the term.

At the January term, 1876, the plaintiff renewed his motion for judgment on the report, and the defendants insisted upon their right to have the cause tried by the jury.

The foregoing facts being made to appear, the court ordered judgment on the report, and the defendants excepted, and the case was transferred by order of FOSTER, C. J., C. C.

*Stickney* and *Hatch*, for the plaintiff.

*Wood* and *Marston*, for the defendants.

CUSHING, C. J. I see no ground for this court to interfere to relieve the defendants from their stipulation to waive jury trial. The subsequent order is not inconsistent with it. The parties having proceeded to a hearing before the referee seasonably, and a report having been obtained in favor of the plaintiff, judgment was rightly ordered.

LADD, J. At the January term, 1875, the defendants were not ready for trial, and had no sufficient cause for a continuance. In this extremity they moved a reference of the case, and, as a condition of granting that motion, their agreement to waive a trial by jury was entered upon the docket, and made part of the record. Having received all the advantage coming to them from a performance of the contract, they now ask that it be annulled just at the point when the plaintiff may begin to enjoy its fruits. I do not think this claim can be allowed; nor do I see how the change of referees, or the order of April term, 1875, or the delay in obtaining a hearing, changes the aspect of the matter at all, unless it be to increase the plaintiff's equitable claims.

SMITH, J. The reference and continuance were granted upon the application of the defendants, upon the condition that they would waive a trial by jury. That a party may waive a jury trial is well settled; and it may be done by his agreement, or by his acts. *King* v. *Hutchins*, 26 N. H. 139. No reason has been suggested why the defendants should not be held to the performance of the agreement made by them in court; and I agree that the plaintiff is entitled to judgment on the report.

*Exceptions overruled.*